THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOUSHIN ZARKESH,<br><br>           Plaintiff,<br><br>           v.<br><br>VINMAR POLYMERS AMERICA, LLC<br>and VINMAR INTERNATIONAL, LTD.,<br><br>           Defendants. | CASE NO. C23-1002-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' Rule 12(b)(2) motion to dismiss (Dkt. No. 9). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

This is an employment breach of contract case. (*See generally* Dkt. No. 2.) Plaintiff, who resides in Washington, alleges that she negotiated a compensation structure in 2020 for a sales position with Defendants, who are indisputably Houston-based. (*Id.* at 2–3.)[1] She further alleges that, beginning in 2021, Defendant Vinmar Polymers America, LLC failed to make timely payment pursuant to that agreement. (*Id.* at 3–4.) As such, Plaintiff brings a breach of contract

---

[1] Plaintiff also alleges that she became Director of Sales for Defendant Vinmar Polymers America, LLC in early 2020, following a transfer from Houston-based Defendant Vinmar International, Ltd. (*Id.* at 2.)

claim and also seeks exemplary damages pursuant to RCW 49.52.070. (*Id.* at 4–5.) Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. No. 9.) They argue that this Court lacks general jurisdiction over either Defendant, given the location of their business activities. (*Id.* at 6–7). They further contend that, what they describe as Plaintiff's unilateral decision to perform services from Seattle, is insufficient to establish this Court's specific personal jurisdiction over either Defendant. (*Id.* at 7–15.)

## II. DISCUSSION

### A. Legal Standard

When a defendant seeks dismissal for lack of personal jurisdiction, the plaintiff must show that the exercise of jurisdiction is appropriate. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). In assessing whether the plaintiff met his or her burden, the Court must take any uncontroverted allegations in the plaintiff's complaint as true and resolve any conflicts between the facts in the documentary evidence in the plaintiff's favor. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

### B. Personal Jurisdiction

When determining whether the exercise of personal jurisdiction over a defendant is appropriate, federal courts apply the law of the state in which they sit. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Washington courts are permitted "to exercise jurisdiction over a nonresident defendant to the extent permitted by the due process clause of the United States Constitution." *SeaHAVN, Ltd. v. Glitnir Bank*, 226 P.3d 141, 149 (Wash. Ct. App. 2010). Thus, the only question for the Court is whether its exercise of jurisdiction comports with the limitations imposed by due process. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984).

Due process permits the Court to "subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *J. McIntyre Mach., Ltd. v.*

*Nicastro*, 564 U.S. 873, 880 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Fair play and substantial justice mandate that a defendant has minimum contacts with the forum state before it may be haled into a court in that forum. *Int'l Shoe*, 326 U.S. at 316. The extent of these contacts can result in a court possessing either general or specific jurisdiction over the defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

### 1.  General Jurisdiction

If the state where the court sits can be "fairly regarded as home" to a defendant, general jurisdiction is properly exercised. *Goodyear*, 564 U.S. at 924. A corporation is at home in any state where it engages "in . . . continuous and systematic general business contacts . . . that approximate physical presence . . . ." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). In other words, corporations are most commonly subject to general jurisdiction in the state in which they are incorporated and the state in which their principal place of business is located. *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014). This applies with equal force to a limited liability company. *See, e.g.*, *Grootonk v. Labrie Envtl. Group, LLC*, 2023 WL 5420299, slip op. at 3 (C.D. Cal. 2023); *Allen v. Shutterfly, Inc.*, 2020 WL 5517170, slip op. at 3 (N.D. Cal. 2020)

According to the complaint, Defendants are registered and headquartered in Houston. (Dkt. No. 2.) Therefore, in only exceptional circumstances would this Court's general jurisdiction attach. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017).[2] And Nothing in the complaint triggers this type of personal jurisdiction. (*See generally* Dkt. No. 2.) Moreover, it is unrebutted that (a) the vast majority of Defendants' activities are outside of Washington and (b) their principal place of business is Houston. (*See* Dkt. Nos. 12, 17.) For these reasons, the Court lacks general personal jurisdiction over Defendants.

---

[2] Defendants' Washington operations would need be "so substantial and of such a nature as to render [Defendants] at home" in Washington. *Id.*

2.      Specific Jurisdiction

Specific jurisdiction applies only when each of the following occurs: (1) the defendant purposefully directs his activities or consummates some transaction with the forum, or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, is reasonable. *Schwarzenegger*, 374 F.3d at 802 (9th Cir. 2004). The plaintiff bears the burden of satisfying the first two prongs and, if satisfied, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).

Purposeful availment requires something more than the mere placement of a product into the stream of commerce. *LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 860 (9th Cir. 2015) (citing *Holland Am. Line Inc. v. Wartsilla N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007)). Here, Plaintiff describes Defendants' Washington-based chemical sales, storage, and shipping activities. (*See* Dkt. No. 17.) She also describes services she performed on Defendants' behalf out of her home office in Seattle. (*Id.*) Finally, she references the fact that another of Defendants' employees, who provides sales support from her home, also appears to reside in Washington. (*Id.*) Whether this is the "something more" required to demonstrate purposeful availment, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006), is moot, though. As Plaintiff fails to establish that her claim arose out of Defendants' forum-related activities.

Arising out of is a "but for" test. *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). And while, in her declaration, Plaintiff highlights the sales she made to customers in Washington, she fails to describe what sales she made *outside of Washington*. (*See* Dkt. No. 17 at 2.) What is clear, though, according to her declaration, is that she made polyethylene terephthalate ("PET") sales *throughout* the U.S. and Canada. (*Id.*) Moreover, the PET Plaintiff sold to Washington customers was less than 1% of Defendant's total sales of that chemical. (Dkt.

No. 19)[3] And, according to Plaintiff, she was Defendants' Director of PET sales, to whom account managers throughout North America reported. (Dkt. No. 2 at 2.) Given these facts, the Court cannot find that Plaintiff's employment contract was, indeed, a but for cause of Defendants' contacts within Washington.

Moreover, even if Plaintiff's claim had arisen out of Defendants' Washington contacts, given the nature of her claim, an alleged breach of contract relating to the timing and amount of payment, the exercise of this Court's jurisdiction would not be reasonable here. None of the seven factors ordinarily used to make this assessment support Plaintiff's position. *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114–17 (9th Cir. 2002).[4]

Fundamentally, a home-based remote work location, alone, is not sufficient to trigger personal jurisdiction on the part of the employer. *See, e.g.*, *Fields v. Sickle Cell Disease Assn. of Am., Inc.*, 376 F. Supp. 3d 647, 652 (E.D.N.C. 2018), *aff'd*, 770 F. App'x 77 (4th Cir. 2019) (analogizing it with the "unilateral activity" described in *Burger King Corp*, 471 U.S. at 474–74); *Lucachick v. NDS Americas, Inc.*, 169 F. Supp. 2d 1103, 1107 (D. Minn. 2001) (finding an employee's "personal choice" of work location, if not a contract requirement, insufficient to establish personal jurisdiction).

For this and all the reasons described above, the Court lacks specific personal

---

[3] While this fact came from Defendants' declaration in support of their motion, it is not meaningfully challenged by Plaintiffs' declaration. Said another way, given how Plaintiff artfully crafted her declaration to avoid the issue, there is no inherent conflict between the declarations. (*Compare* Dkt. No. 17, *with* Dkt. No. 19.)

[4] Those factors are as follows:

(1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Dole Food Co., Inc.*, 303 F.3d at 1114.

jurisdiction.

### III. CONCLUSION

Defendants' motion to dismiss (Dkt. No. 9) is GRANTED. Plaintiff's complaint is DISMISSED without prejudice pursuant to Rule 12(b)(2).

DATED this 21st day of September 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C23-1002-JCC
PAGE - 6