THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOUSHIN ZARKESH,

      Plaintiff,

  v.

VINMAR POLYMERS AMERICA, LLC and
VINMAR INTERNATIONAL, LTD.,

      Defendants.

CASE NO. C23-1002-JCC

ORDER

   This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 24) of this Court's order granting Defendants' motion to dismiss (Dkt. No. 21). Having thoroughly considered the briefing and the relevant record, the Court GRANTS Plaintiff's motion and VACATES the judgment previously entered.

## I.  BACKGROUND

   Plaintiff, a Washington resident, filed suit alleging that her former employers, Defendants Vinmar Polymers America, LLC ("VPA") and Vinmar International, Ltd. ("VIL"), two related Texas corporations, breached their employment agreement(s). (*See generally* Dkt. No. 2.) Defendants moved to dismiss pursuant to Rule 12(b)(2), (Dkt. No. 9), which the Court granted, after finding that Plaintiff's claim did not "arise out of" Defendants' Washington contacts. (Dkt. No. 21 at 4–5.) Plaintiff now seeks reconsideration of this determination. (Dkt. No. 24.)

## II.     DISCUSSION

Motions for reconsideration are generally disfavored. LCR 7(h)(1). They are only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Here, Plaintiff contends that the Court did just that. Namely, that its jurisdictional analysis was imbued with manifest error. (*See generally* Dkt. No. 24.)

As a review, specific personal jurisdiction applies when (1) a defendant purposefully avails itself of a forum, *i.e.*, by performing some act or consummating some transaction within the forum or otherwise purposefully availing itself of the privileges of conducting activities in the forum, (2) the plaintiff's claim arises out of or relates to that defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021).

In granting Defendants' Rule 12(b)(2) motion, the Court primarily relied on its finding that Plaintiff could not establish the (second) arising out of prong for specific personal jurisdiction. In doing so, the Court applied the Ninth Circuit's historic "but for" standard. (*See* Dkt. No. 21 at 4 (citing *Doe v. Am. Nat'l. Red Cross,* 112 F.3d 1048, 1051 (9th Cir. 1997).) That test is met if "'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995). But given the more relaxed standard recently applied by the United State Supreme Court and the Ninth Circuit, the Court concludes that its original analysis was, in fact, flawed. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1097 (9th Cir. 2023); *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 505 (9th Cir. 2023); *Ayla*, 11 F.4th at 983 n.5. As such, it committed manifest error.

On this basis, the Court will reconsider, in its entirety, its analysis of the requirements for the imposition of specific personal jurisdiction over Defendants in this case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**A.       Purposeful Availment**

Generally, in breach of contract cases, the Court first looks to how a defendant's affirmative conduct allowed or promoted the transaction of business within the forum, thus invoking the benefits and protections of the forum's laws. *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990); *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004). At issue is whether a defendant "deliberately reached out beyond [its] home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Yamashita v*, 62 F.4th at 503. Hence, both the nature of the contract and a defendant's broader activities are relevant. *See Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1108 (9th Cir. 2020). Moreover, in the context of remote workers, courts have found this prong satisfied so long as a defendant knew the plaintiff lived within the forum and furthered its business within the forum. *Cannon v. Commc'n Components, Inc.*, 2020 WL 433351, slip op. at 5 (W.D. Wash. 2020) (collecting cases); *Failla v. FixtureOne Corp*., 336 P.3d 1112, 1118 (Wash. 2014).

Turning to the facts of this case, at least as alleged by Plaintiff, the Court now concludes that Plaintiff has, indeed, adequately established that Defendants purposefully availed themselves of Washington. Specifically, according to Plaintiff, her employment contracts contemplated that she perform certain work, besides simply selling chemicals; this included buying cargo, managing inventory, and determining warehousing requirements. (*See* Dkt. Nos. 17 at 2-4, 17-1 at 2, 17-5 at 3, 19 at 1.) And, according to Plaintiff, Defendants were well aware that she would do so from Washington. (*See* Dkt. Nos. 10-2 at 2, 11 at 2, 11-4 at 2.) In addition, Plaintiff contends that Defendants ship products to the Port of Tacoma, (*see* Dkt. No. 17 at 2), store products within Washington, (*see* Dkt. Nos. 17 at 2, 17-1), ship some of its products to facilities within Washington, (Dkt. Nos. 17 at 4, 17-2, 19 at 2), and employed at least one other person in Washington, (*see* Dkt. Nos. 17 at 5, 17-8). Collectively, this is sufficient to establish purposefully availment. *See, e.g., Cannon*., 2020 WL 433351 at 5; *see also Intelligent SCM, LLC*

*v. Qannu PTY LTD.*, 2015 WL 13916822, slip op. at 15 (C.D. Cal. 2015) (finding purposeful availment where defendant managed employees, processed and stored goods, and formed contractual relationships in the forum and knew such activities were taking place in the forum).

### B.    Arising Out of or Relating to Defendants' Contacts

Plaintiff contends that she effectuated Defendants' contacts with Washington as part of her employment, (*see* Dkt. Nos. 16 at 12, 24 at 4, 17 at 2-4, 30 at 4), and further alleges Defendants failed to compensate her in accordance with her their agreement. (*See* Dkt. No. 2 at 4.) Given the relaxed arising out of standard previously described, *see supra* Part II, this is sufficient to conclude that Plaintiff's claims, indeed, arose out of or related to Defendants' purposeful availment within Washington.

### C.    Reasonableness

The burden now shifts to Defendants to present "a compelling case that the exercise of jurisdiction would not be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–69 (9th Cir. 2017). They fail to do so.[1]

To assess reasonableness, the Court weighs "(1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002).

A defendant's purposeful interjection into the forum is duplicative of the purposeful

---

[1] In their original motion, Defendants asserted that jurisdiction was unreasonable because their interjection into the forum was minimal, litigating in Washington would be burdensome because their leadership and witnesses are in Texas, and both California and Texas exist as alternative forums. (Dkt. No. 9 at 14-15.) In its response to this motion, Defendants further note that Texas and Washington's interests in this dispute are equal. (Dkt. No. 26 at 12.)

availment analysis. *Ayla*, 11 F.4th at 984. Hence, this factor favors Plaintiff. Regarding the burden on the defendant, "modern advances in communications and transportation have significantly reduced the burden of litigating in another forum," *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 608 (9th Cir. 2018), and "unless the inconvenience is so great as to constitute a deprivation of due process, [the burden] will not overcome clear justifications for the exercise of jurisdiction." *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1481 (9th Cir. 1986).[2] And "[w]hether another reasonable forum exists becomes an issue only when the forum state is shown to be unreasonable." *Corp. Inv. Bus. Brokers v. Melcher*, 824 F.2d 786, 791 (9th Cir. 1987). Because Defendants have failed to show that Washington is an unreasonable forum, Texas' and California's viability as fora is not relevant. Further, Washington generally has an interest in providing redress to its citizens. *See Silk*, 65 F.4th at 459. Whereas a state's interest in out-of-state conduct against a non-resident is minimal. *See Vernon Johnson Fam. Ltd. P'ship v. Bank One Texas, N.A.*, 80 F. Supp. 2d 1127, 1135 (W.D. Wash. 2000). Hence, Washington's interest outweighs that of Texas. Finally, the remaining factors either are given little weight and/or do not present a "compelling case" against jurisdiction. *McKinsey & Co.*, 637 F. Supp. 3d at 788 (noting that the "most efficient judicial resolution" and "plaintiff's interests" factors are given little weight); *Alexis v. Rogers*, 2016 WL 11707630, slip op. at 12 (S.D. Cal. 2016) (finding the conflict of law factor neutral where defendant did not identify a conflict).

Hence, the Court finds jurisdiction reasonable.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. No. 24) is

---

[2] Because Defendants conduct business nationwide, including in Washington, (*see* Dkt. No. 17 at 2), the burden of litigating in Washington is minimal. *See, e.g.*, *In re McKinsey & Co., Inc. Nat'l Opiate Consultant Litig.*, 637 F. Supp. 3d 773, 788 (N.D. Cal. 2022) (recognizing that the burden is minimal where companies engage in business and maintain presence across the United States).

GRANTED. The judgment in this matter (Dkt. No. 22) is hereby VACATED. The Clerk is DIRECTED to reopen this case. The parties' deadline to submit their Rule 26(f) joint status report is reset to December 15, 2023.

DATED this 21st day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C23-1002-JCC
PAGE - 6